IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA CALDERON-IBARRA DE
TALAMANTES,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　CIV 09-0478 MCA/LAM

UNITED STATES OF AMERICA, through its
agency, CBP Border Patrol, et al.,

        Defendants.

### ORDER GRANTING COUNTY DEFENDANTS' *MOTION TO STAY PROCEEDINGS PENDING OUTCOME OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 32)*

**THIS MATTER** is before the Court on Defendants Board of County Commissioners of the County of Otero, Ricardo Rodriguez, Kenny Figueroa and Rob Hansen's (hereinafter "County Defendants") ***Motion to Stay Proceedings Pending Outcome of County Defendants' Motion for Summary Judgment*** *(Doc. 32)* (hereinafter "***Motion***"), filed March 19, 2010. Plaintiff filed her response to the motion to stay discovery indicating her opposition thereto *(Doc. 34)* (hereinafter "***Response***") on March 23, 2010, which included a request that the Court refrain from ruling on Defendants Otero, K. Figueroa, Ricardo Rodriguez and Rob Hansen's Motion for Partial Summary Judgment *(Doc. 30)* until additional discovery can be conducted. County Defendants filed their reply *(Doc. 39)* (hereinafter "***Reply***") on April 8, 2010. On April 14, 2010, the Court held a telephonic status conference on the motion, at which counsel for all parties participated. *See **Clerk's Minutes** (Doc. 43)*. Having reviewed the motion, response, reply, relevant law, and the record of the case, and having considered the parties' statements at the hearing, the Court **FINDS** that the

-1-

motion will be **GRANTED** and discovery will be stayed pending the outcome of Defendants Otero, K. Figueroa, Ricardo Rodriguez and Rob Hansen's Motion for Partial Summary Judgment.

Defendants Otero, K. Figueroa, Ricardo Rodriguez and Rob Hansen filed *Defendant's Motion for Partial Summary Judgment Based on Qualified Immunity (Doc. 30)* on March 9, 2010, and then County Defendants filed their *Motion to Stay Proceedings Pending Outcome of County Defendants' Motion for Summary Judgment (Doc. 32)* asking the Court to stay these proceedings pending the outcome of the motion for summary judgment. Plaintiff's response to County Defendants' motion to stay asks the Court to allow discovery under Fed. R. Civ. P. 56(f), and asks the Court to refrain from ruling on the motion for summary judgment until Plaintiff can conduct discovery. *Response (Doc. 34)* at 5-7. Plaintiff also filed *Plaintiff's Corrected Response in Opposition to Defendants' Motion for Partial Summary Judgment Based on Qualified Immunity (Doc. 38)*, wherein Plaintiff states that she has asked to conduct discovery to be able to fully respond to Defendants' motion for summary judgment, but Plaintiff also cites to and attaches 14 exhibits including affidavits and other evidence in that response.

Once a motion to dismiss or for summary judgment based on qualified immunity is filed, Defendants are entitled to a stay of discovery. *Saucier v. Katz*, 533 U.S. 194, 200-202 (2001); *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan, et al.*, 958 F. 2d 332, 335-36 (10th Cir. 1992). To ensure that Plaintiff has an adequate opportunity to respond to the motion for summary judgment, Plaintiff may file a Fed. R. Civ. P. 56(f) affidavit in which Plaintiff must specifically show what discovery is necessary, what the proposed discovery is likely to disclose, and precisely how the discovered evidence will assist Plaintiff in overcoming Defendants' *prima facie* showing. *See Ben Ezra, Weinstein and Co. v. America Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000). Here, Plaintiff has filed her Rule 56(f) affidavit in response to County Defendants'

motion to stay discovery instead of in response to the motion for summary judgment. Because the motion for summary judgment is a dispositive motion that will be ruled on by the presiding judge, the presiding judge is in a better position to determine whether additional discovery is needed regarding that motion. Plaintiff's request for additional discovery pursuant to her Rule 56(f) affidavit, therefore, would more appropriately be for the presiding judge to determine in her review of the summary judgment motion, and the undersigned will deny that request without prejudice. The Court cautions Plaintiff that a Rule 56(f) affidavit must meet the standard set forth in *Ben Ezra* by stating with specificity how the additional material will rebut the summary judgment motion. In addition, while County Defendants state that they are asking for a stay of the entire proceedings in this case, the Court finds that such a request is not necessary and that a stay of discovery is adequate. Therefore, as discussed at the April 14, 2010 motion hearing, the Court may proceed with a settlement conference in this case if the parties so request.

**IT IS THEREFORE ORDERED** that County Defendants *Motion to Stay Proceedings Pending Outcome of County Defendants' Motion for Summary Judgment* (Doc. 32) is **GRANTED** and discovery is stayed in this case pending a ruling on County Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**