IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA CALDERON-IBARRA DE
TALAMANTES,
         Plaintiff,

v.         CIV 09-478 MCA/LAM

UNITED STATES OF AMERICA through its
agency, CBP Border Patrol, JOHN DOE &
OTHER UNKNOWN DEFENDANTS,
BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF OTERO, NEW
MEXICO, DEPUTY KENNETH FIGUEROA,
DEPUTY RICARDO RODRIGUEZ,
and DEPUTY ROB HANSEN,
         Defendants.

## ORDER DEFERRING RULING

**THIS MATTER** is before the Court on *County Defendants' Motion For Relief From Final Judgment* [Doc 64]. Having considered the *Motion*, Plaintiff's *Response*, and the relevant circumstances and authorities, this Court defers ruling on the *Motion* but "state[s] either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Federal Rule of Civil Procedure 61.2(a)(3).

Defendants bring their *Motion* under Federal Rule of Civil Procedure 60(b)(1), which permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" where there has been "mistake, inadvertence, surprise, or excusable neglect." Our Circuit has explained that

>   as a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.

Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).  Defendants maintain that the *Final Judgment*, entered on October 29, 2010, constitutes a "substantive mistake of law . . . in the final judgment."

The October 29, 2010 *Final Judgment* dismissed with prejudice Plaintiff's complaint against all Defendants.  [Doc 53]  The Court's *Memorandum Opinion And Order*, filed the same day, addressed only the federal claims against the Deputy Defendants and did not consider Plaintiff's federal claims against the County Defendants or her claims brought pursuant to state law.  [See generally Doc 52]  Entry of the *Final Judgment* was in error, as claims remain pending against Defendants.  See id. at 578 ("Rule 60(b)(1) deals with mistakes that occur in the judicial process of enforcing whatever rights might arise from the historic facts.").

Despite this finding of a substantive mistake of law in the final judgment, the Court lacks jurisdiction to grant Defendants' *Motion*, due to Plaintiff's appeal, which has been docketed and is currently pending before the Tenth Circuit Court of Appeals.  See Society of Lloyd's v. Bennett, 182 Fed.Appx. 840, 844 (10th Cir. 2006) ("The district court correctly held that it lacked jurisdiction to grant relief under Rule 60(b) due to the pending appeal.").  Federal Rule of Civil Procedure 61.2(a), however, states that

>   [i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may .

. . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Accordingly, should the Court of Appeals exercise its discretion under Federal Rule of Appellate Procedure 12.1 and remand the matter, this Court is inclined to vacate the *Final Judgment* and permit the parties to pursue litigation of the remaining claims.

**IT IS THEREFORE ORDERED** that ruling on Defendants' *Motion* is deferred until such time as jurisdiction lies with this Court.

**SO ORDERED** this 2nd day of February, 2011, in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
United States District Judge