IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA CALDERON-IBARRA DE
TALAMANTES,

        Plaintiff,

v.                                                CIV 09-0478 MCA/LAM

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF OTERO, NEW
MEXICO, et al.,

        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DEADLINE TO DESIGNATE EXPERTS AND PROVIDE EXPERT REPORTS

**THIS MATTER** is before the Court on *Plaintiff's Motion to Extend Deadline to Designate Experts and [] Provide Expert Reports (Doc. 93)*, filed July 26, 11. Defendants' response was filed August 11, 2011 [*Doc. 99*], and Plaintiff's reply was filed August 29, 2011 [*Doc. 101*]. Having reviewed the motion, response, reply, relevant law, and the record of the case, the Court **FINDS** that the motion will be **GRANTED**.

In her motion, Plaintiff asks the Court for an extension of time from July 27, 2011, to September 10, 2011, to designate her experts and provide expert reports, and asks for Defendants' deadline to designate experts and provide expert reports to be extended from August 29, 2011, to October 13, 2011. As grounds for her motion, Plaintiff states that she "attempted to identify and obtain a retained expert within the present deadline, but several potential retained experts have explained that they cannot provide an expert report without the deposition testimony of the officers involved in the incident and other information to be obtained through discovery." [*Doc. 93* at 2].

Plaintiff further states that she has made diligent efforts to set up depositions, but those depositions have been delayed because of the schedules of counsel and the parties. *Id.* Plaintiff states that the needed depositions are set to take place by September 2, 2011. *Id.*

Defendants oppose Plaintiff's request, stating that Plaintiff is in the possession of documents from another case regarding Operation Stonegarden, as well as an incident report containing an affidavit by one of the defendants, so "Plaintiff was in possession of all of the information she required to provide to an expert in early 2010." [*Doc. 99* at 2]. Defendants further state that in the correspondence between counsel regarding scheduling depositions, counsel for Plaintiff did not tell counsel for Defendants that she needed to schedule the depositions prior to her deadline to designate experts and provide expert reports. *Id.* Defendants state that the parties will need to depose each other's experts, which will require extending the other deadlines in this case. *Id.* at 3.

The Court finds that Plaintiff's request for an extension of the expert deadlines is reasonable and well-supported. The Court cautions Plaintiff, however, that it would have been preferable for her to have notified Defendants that she needed to take the depositions prior to the expert deadline, and it also would have been preferable for Plaintiff to have moved for an extension of the expert deadlines prior to the day before her expert reports were due. However, it appears from the e-mail exchanges attached to Plaintiff's motion that she diligently began trying to set these depositions as early as April, 28, 2011, following the Rule 16 scheduling conference in this case. [*Doc. 93* at 5]. Moreover, the Court finds that informally-obtained information from another case and affidavit testimony not subject to cross-examination is not necessarily sufficient information for an expert to formulate an opinion and draft a report, so Plaintiff's request for an extension is reasonable and should have been accommodated by Defendants. The Court held a telephonic case management status conference in this case on July 27, 2011, at which counsel for both parties appeared, and at

which the Court asked the parties about this motion and suggested that the parties set the depositions of their experts to take place within a week of when the expert reports are provided, in case this motion is granted and the parties are pressed for time to complete those depositions prior to the pretrial motion deadline of November 7, 2011.  The Court, therefore, will grant Plaintiff's motion on the condition that the parties set Plaintiff's expert's deposition within one week of September 10, 2011, and set Defendants' expert's deposition within one week of October 13, 2011, if they have not already done so.  ***These are the only depositions that will be allowed past the discovery deadline of September 27, 2011, absent a showing of exceptional circumstances.***

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Extend Deadline to Designate Experts and [] Provide Expert Reports (Doc. 93)* is **GRANTED** and Plaintiff's expert deadline is extended to **September 10, 2011**, and Defendants' expert deadline is extended to **October 13, 2011**.

**IT IS FURTHER ORDERED** that the parties schedule Plaintiff's expert's deposition within one week of September 10, 2011, and schedule Defendants' expert's deposition within one week of October 13, 2011.

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**